EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Alcalde Gobierno Municipal de Guayama<br><br>    Peticionario<br><br>                   v.<br><br>ELA de Puerto Rico<br><br>    Recurrido | 2015 TSPR 16<br><br>192 DPR ____ |

Número del Caso: AC-2014-67

Fecha: 26 de febrero de 2015

Abogado de la Parte Peticionaria:

        Lcdo. José M. Colón Pérez

Oficina de la Procuradora General:

        Lcda. Margarita Mercado Echegaray
        Procuradora General

        Lcda. María C. Umpierre Marchand
        Procuradora General Auxiliar

Materia: Municipios – Exención conferida por la Ley de Municipios Autónomos para el pago de Contribuciones-

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Alcalde Gobierno
Municipal de Guayama

    Peticionario

      v.                AC-2014-67

ELA de Puerto Rico

    Recurrido


Opinión del Tribunal emitida por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ

San Juan, Puerto Rico, a 26 de febrero de 2015.

El caso ante nuestra consideración nos plantea una situación novel que nos permite determinar si los municipios son contribuyentes obligados a agotar el procedimiento administrativo relacionado con la notificación de una supuesta deficiencia ante el Departamento de Hacienda.

Debido a que la Ley de Municipios Autónomos de Puerto Rico de 1991, *infra*, releva del pago de contribuciones a los municipios procedía la sentencia declaratoria solicitada por el Municipio de Guayama, ya que éste no es un contribuyente sujeto a los procesos dispuestos en el Código de Rentas Internas, *infra*, para impugnar alegadas deficiencias contributivas.

I

Los hechos pertinentes a la controversia ante nuestra consideración revelan que en el 2003 el Departamento de Hacienda informó al Municipio de Guayama (Municipio) que se proponía realizar una auditoría para el pago de arbitrios con relación a las actividades llevadas a cabo en el teatro municipal. Luego, en el 2004 el Departamento de Hacienda notificó al Municipio deficiencias contributivas para el periodo de 1997 a 2004 por razón de esas actividades.[1]

Como consecuencia, el 21 de enero de 2004 el Municipio acudió al Tribunal de Primera Instancia en solicitud de sentencia declaratoria. En síntesis, solicitó al foro primario que determinara que no procede el cobro de los arbitrios solicitados por no estar obligado a pagar contribución alguna conforme lo dispuesto en la Ley de Municipios Autónomos de Puerto Rico de 1991 (Ley de Municipios Autónomos), Ley Núm. 81-1991, 21 LPRA sec. 4001, *et seq.*

Por su parte, el Departamento de Hacienda solicitó la desestimación de la sentencia declaratoria presentada. Argumentó que el Tribunal de Primera Instancia carecía de

---

[1] La misma está predicada en alegadas deficiencias por las actividades llevadas a cabo en el teatro municipal. Sin embargo, debemos señalar que los municipios no son productores o promotores de espectáculos públicos, ya que las actividades del gobierno estatal como del gobierno municipal no se consideran como "espectáculos públicos" para propósitos de lo concerniente al asunto ante nuestra consideración. Véase, Art. 2 (b) de la Ley Núm. 113-2005, 15 LPRA sec. 2011(b).

jurisdicción para atenderla. Sostuvo que el Municipio debía agotar el procedimiento administrativo provisto en el Código de Rentas Internas de 1994 hasta que la notificación de deficiencia adviniera final.[2] El Departamento de Hacienda insistió en que el Municipio podía acudir al foro primario cuando culminara el proceso administrativo. Igualmente, argumentó que la sentencia declaratoria no puede impedir la tasación o cobro de una contribución.

El Municipio se opuso a la desestimación al resaltar que la Ley de Municipios Autónomos dispone que éstos no tengan que pagar contribuciones de clase alguna. El Departamento de Hacienda reiteró su solicitud de desestimación por falta de jurisdicción del Tribunal de Primera Instancia.

Finalmente, el 30 de diciembre de 2013 el Tribunal de Primera Instancia emitió Sentencia desestimatoria. Fundamentó su curso decisorio en que ni el *injunction* ni el mecanismo de sentencia declaratoria pueden utilizarse para impedir el cobro de una contribución cuando el contribuyente tenga un remedio adecuado en ley. De igual forma, el foro primario recalcó que el Código de Rentas Internas de 1994 disponía el mecanismo para impugnar las

---

[2]Hacemos referencia al Código de Rentas Internas de 1994 por razón del periodo contributivo por el cual se notificó la alegada deficiencia. Aclaramos que las disposiciones pertinentes continúan inalteradas bajo las actuales disposiciones del Código de Rentas Internas vigente. Véase, 13 LPRA sec. 33002.

deficiencias notificadas a los contribuyentes. Ante ello, concluyó que el Municipio instó su acción de forma prematura sin que hubiese culminado el proceso administrativo, por lo que carecía de jurisdicción.

Inconforme, el Municipio acudió ante el Tribunal de Apelaciones. En síntesis, cuestionó que el Tribunal de Primera Instancia no emitiera la sentencia declaratoria a su favor. El 9 de mayo de 2014 el foro apelativo intermedio emitió Sentencia confirmatoria. Intimó que era deber del Municipio ceñirse al proceso dispuesto en el Código de Rentas Internas de 1994.

En desacuerdo, el Municipio presentó el recurso ante nuestra consideración. En éste, señaló que erró el Tribunal de Apelaciones al no disponer que el mecanismo de sentencia declaratoria constituye el remedio adecuado para declarar que no procede el cobro de contribuciones a los municipios conforme lo establece la Ley de Municipios Autónomos.

Mediante Resolución emitida el 12 de diciembre de 2014, este Tribunal acogió el recurso presentado como una petición de *certiorari* y concedió un término de quince días para que la parte recurrida mostrara causa por la cual no procede revocar al Tribunal de Apelaciones. Transcurrido el término concedido y con el beneficio de la comparecencia de las partes, resolvemos conforme a derecho.

II

Para dilucidar la controversia ante nuestra consideración resulta imperativo establecer en qué circunstancias está disponible el mecanismo de sentencia declaratoria. Éste es un mecanismo remedial y profiláctico que permite anticipar la dilucidación de los méritos de cualquier reclamación ante los tribunales, siempre y cuando exista un peligro potencial contra quien la solicita. Sánchez *et al.* v. Srio. de Justicia *et al.*, 157 DPR 360, 383-384 (2002). Así, la sentencia declaratoria es adecuada para declarar derechos, estados y otras relaciones de naturaleza jurídica independiente a que existan otros remedios. Particularmente, la sentencia declaratoria permite dilucidar cualquier divergencia de criterio en la interpretación de un estatuto "cuando existe una controversia sustancial entre partes con intereses legales adversos […]". Mun. Fajardo v. Srio. Justicia *et al.*, 187 DPR 245, 254-255 (2012).

En cuanto a si procede el uso de la sentencia declaratoria en materia de contribuciones debemos señalar que, como norma general, ésta es improcedente si existe un remedio adecuado en el curso ordinario de la ley. Cafeteros de P.R. v. Tesorero, 74 DPR 752, 760 (1953); Cooperativa Cosecheros de Café v. Tesorero, 69 DPR 226 (1953). La razón para ello es que no debe permitírsele a los contribuyentes evitar acudir al proceso ordinario utilizando el procedimiento de solicitar una sentencia

declaratoria. Power Electric Co. v. Buscaglia, Tes., 63 DPR 984, 987 (1944).

A pesar de lo expuesto, existen circunstancias excepcionales que permiten el uso de la sentencia declaratoria en procesos de contribuciones. A tales efectos, hemos establecido que el intento de cobrar contribuciones a quien no las adeuda constituye una situación excepcional en el que los tribunales pueden ejercer su jurisdicción de naturaleza extraordinaria. Durlach Bros., Inc. v. Domenech, Tes., 47 DPR 654, 659 (1934). En estos casos, tanto el interdicto como la sentencia declaratoria constituyen el remedio legal adecuado para impedir el cobro de contribuciones que no le corresponde pagar a una parte. De esta forma, si la ley impide la imposición contributiva por razón de que a quien se pretende cobrar no es un contribuyente, se justifica la aplicación del remedio extraordinario de la sentencia declaratoria. El fundamento es sencillo. En este caso, si el Municipio logra demostrar con claridad que no puede ser considerado como un contribuyente ante el tributo que se le pretende imponer, "resulta irrazonable obligarle a tributar para luego hacerle agotar los mecanismos administrativos y judiciales disponibles", pues, implica malgastar recursos para concluir que no era un contribuyente. Yiyi Motors, Inc. v. E.L.A., 177 DPR 230, 279 (2009). Por ello, cuando una parte carece de autoridad en ley para imponer un tributo no es necesario agotar

procedimiento administrativo alguno. Interior Developers

v. Mun. de San Juan, 177 DPR 693, 708 (2009). Véanse

además, Mun. Trujillo Alto v. Cable TV, 132 DPR 1008

(1993); Compañía Azucarera del Toa v. Municipio, 76 DPR

331 (1954). Ahora bien, si existe duda si la parte es un

contribuyente, lo que procede es dilucidar la reclamación

mediante el proceso ordinario. Véanse Lilly del Caribe v.

CRIM, 185 DPR 239, 256-257 (2012); Yiyi Motors, Inc. v.

E.L.A., *supra*, págs. 276-278.

Conforme a lo discutido, nos corresponde examinar si

procedía el mecanismo de sentencia declaratoria en el caso

ante nuestra consideración. Para ello, debemos examinar

las disposiciones contenidas en la Ley de Municipios

Autónomos a los fines de auscultar si el Municipio es un

contribuyente. Veamos.

III

La Ley de Municipios Autónomos es la pieza angular en

la que se erige e impulsa un proceso de descentralización

cuyo propósito es ampliar la autonomía municipal.[3] Mun. de

Ponce v. A.C. *et al.*, 153 DPR 1, 21 (2000). Con ella, se

fortaleció el ámbito de poder y responsabilidad del

_____

[3]Conjunto con la Ley de Municipios Autónomos de
Puerto Rico de 1991 (Ley de Municipios Autónomos), Ley
Núm. 81-1991, 21 LPRA sec. 4001, *et seq.*, se aprobaron
otras leyes para propiciar una verdadera reforma
municipal. Entre éstas destacan las siguientes: (1) Ley
Núm. 80-1991 (Ley de Centro de Recaudaciones
Municipales), 21 LPRA sec. 5801, *et seq.*; (2) Ley Núm.
82-1991 (Ley de Patentes Municipales), 21 LPRA sec. 651,
*et seq.*; y (3) Ley Núm. 83-1991 (Ley de Contribuciones
Municipales sobre la Propiedad de 1991), 21 LPRA sec.
5001, *et seq.*

municipio como institución de gobierno más cercana y con mejor facultad para atender las necesidades cotidianas del ciudadano en cuanto al sector público. *Véase* Ramón L. Nieves, La participación ciudadana en la ley de municipios autónomos de 1991: un laboratorio de posibilidades democráticas para Puerto Rico, 67 Rev. Jur. UPR 467, 482-485 (1998).

Con ese fin, la Ley de Municipios Autónomos otorgó a los municipios el máximo posible de autonomía y proveyó las herramientas financieras, poderes y facultades necesarias para que éstos asumieran un rol central y fundamental en el desarrollo urbano, social y económico del País. Véanse, Rivera Fernández v. Mun. Carolina, res. 29 de enero de 2014, 2014 TSPR 9, 190 DPR ___ (2014); Art. 1.002 de la Ley de Municipios Autónomos, 21 LPRA sec. 4001 n. De esta forma, el estatuto constituyó una "reforma abarcadora del ordenamiento municipal [que] otorgó a los municipios un mayor grado de autonomía fiscal y de gobierno propio, además de nuevos instrumentos administrativos y fiscales". Alcalde Mun. de Humacao v. Ramón Cofresí, 140 DPR 587, 595-596 (1996). Ello, cuando "amplió sustancialmente los poderes administrativos y fiscales de los municipios y transfirió a éstos funciones del Gobierno de Puerto Rico para poder atender de forma directa las necesidades de la ciudadanía". Íd.

Para lograr ese objetivo, al aprobar la Ley de Municipios Autónomos se reconoció a los municipios una

autonomía fiscal de forma tal que éstos administrarían los recaudos provenientes de la contribución sobre la propiedad, los ingresos generados por las patentes municipales y otros. De igual forma, se estableció, como principio general, que se debía promover la autonomía de los gobiernos municipales manteniendo un balance justo y equitativo entre la asignación de recursos fiscales y la imposición de obligaciones económicas. Art. 1.006 de la Ley de Municipios Autónomos, 21 LPRA sec. 4004 (b).

Como corolario, la Ley de Municipios Autónomos dispuso expresamente que los municipios estuvieran exentos del pago de contribuciones. A estos efectos, el Art. 1.010 de la Ley de Municipios Autónomos establece como sigue:

> Los municipios **no tendrán que pagar contribuciones de clase alguna al Estado Libre Asociado de Puerto Rico** y estarán exentos del pago de derechos y aranceles para la tramitación de toda clase de asunto ante el Tribunal General de Justicia y el Registro de la Propiedad y por los documentos notariales que hubiese de otorgar y cuyo pago correspondiese al municipio. También tendrán derecho a que les expidan gratuitamente las certificaciones que para propósitos oficiales soliciten a cualquier organismo, agencia o funcionario del Estado Libre Asociado de Puerto Rico. (Énfasis suplido).
> 21 LPRA sec. 4008.

El lenguaje de la Ley de Municipios Autónomos es diáfano al disponer una exención total a los municipios, ya que éstos "no tendrán que pagar contribución de clase alguna". Cónsono con tal proceder, se eximió del pago de contribuciones a toda propiedad destinada al uso público

perteneciente a los municipios. Véase, Ley Núm. 83-1991, 21 LPRA sec. 5151(b). Por consiguiente, cuando el lenguaje de una ley es claro, éste no debe ser menospreciado. Art. 14 del Código Civil, 31 LPRA sec. 14; Mun. de San Sebastián v. QMC Telecom, res. 24 de marzo de 2014, 2014 TSPR 45, 190 DPR ____ (2014). Así, surge inequívocamente que la intención legislativa es la de eximir a los municipios del pago de contribuciones, lo que significa el pago de cualquier impuesto. Véanse, Art. 6001 del Código de Rentas Internas de 1994, 13 LPRA sec. 8021 (2004); ESSO Standard Oil v. A.P.P.R., 95 DPR, 772, 784 (1968). Ello se justifica para lograr esa autonomía municipal que promovió la reforma municipal con el fin de permitir a los municipios fomentar la creación de la infraestructura necesaria y el ofrecimiento de servicios para su ciudadanía.

Por otra parte, el proceso administrativo para la impugnación de deficiencias del Código de Rentas Internas de 1994 aplica a aquellos contribuyentes a los que se les notifica una deficiencia. Véase, Sec. 6002 del Código de Rentas Internas de 1994, 13 LPRA sec. 8022. Por tanto, si una parte no es contribuyente por virtud de que el legislador lo agració al eximirlo del pago de contribuciones, no existe obligación alguna para que ésta agote el procedimiento administrativo. Interior Developers v. Mun. de San Juan, supra, pág. 708; Mun. Trujillo Alto v. Cable TV, supra, pág. 1011.

IV

El Departamento de Hacienda notificó al Municipio unas alegadas deficiencias contributivas. El Municipio solicitó al Tribunal de Primera Instancia que emitiera una sentencia declaratoria a los fines de disponer que no está obligado a pagar las contribuciones reclamadas por razón de que así lo dispone la Ley de Municipios Autónomos. El Departamento de Hacienda solicitó la desestimación de la sentencia declaratoria al argüir que el Tribunal de Primera Instancia carecía de jurisdicción, ya que no había culminado el proceso administrativo para impugnar deficiencias.

De lo expuesto, se colige que la Ley de Municipios Autónomos establece que los municipios **"no tendrán que pagar contribuciones de clase alguna al Estado Libre Asociado de Puerto Rico"**. Por ende, los Municipios no son contribuyentes sujetos al proceso administrativo para la impugnación de una deficiencia contributiva. Ello, pues el Departamento de Hacienda carece de facultad para imponer y cobrar tal tributo por la política pública incorporada en la Ley de Municipios Autónomos. Ante tal realidad, el Municipio podía solicitar el remedio judicial para evitar el cobro de la contribución sin tener que agotar el proceso ante el Departamento de Hacienda.

No albergamos duda de que en este caso existe una circunstancia excepcional en la que se demostró que el Municipio no figura como contribuyente ante la ley. El

Departamento de Hacienda no puede insistir en que se culmine un proceso administrativo inaplicable e inadecuado que sólo redundaría en el dispendio de fondos públicos innecesarios. Ante tal realidad, los foros recurridos erraron al no disponer del caso mediante sentencia declaratoria.

V

Por los fundamentos que anteceden, se expide el auto solicitado, se revoca al Tribunal de Apelaciones y se resuelve que el Municipio no está obligado a cumplir con el proceso administrativo para impugnar una deficiencia contributiva, ya que está eximido de pago de cualquier tipo de contribución, según lo dispuesto en el Art. 1.010 de la Ley de Municipios Autónomos, 21 LPRA sec. 4008.


                                        Luis F. Estrella Martínez
                                              Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Alcalde Gobierno
Municipal de Guayama

    Peticionario

       v.                         AC-2014-67

ELA de Puerto Rico

    Recurrido

SENTENCIA

San Juan, Puerto Rico, a 26 de febrero de 2015.

    Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se expide el auto solicitado, se revoca al Tribunal de Apelaciones y se resuelve que el Municipio no está obligado a cumplir con el proceso administrativo para impugnar una deficiencia contributiva, ya que está eximido de pago de cualquier tipo de contribución, según lo dispuesto en el Art. 1.010 de la Ley de Municipios Autónomos, 21 LPRA sec. 4008.

    Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Asociada Oronoz Rodríguez concurre con el resultado sin opinión escrita. La Juez Asociada señora Rodríguez Rodríguez disiente sin opinión escrita.

                        Aida Ileana Oquendo Graulau
                      Secretaria del Tribunal Supremo