Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| COOPERATIVA DE AHORRO Y CRÉDITO DE LOS AGENTES DE LA LOTERÍA DE PUERTO RICO<br><br>Recurrida<br><br>V.<br><br>**DORADO PROPERTY MANAGEMENT, INC.**, FLASH AUTO IMPORTS, SONIA N. RIVERA CARDONA Y OTROS<br><br>Peticionaria | TA2025CE00868 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Toa Alta<br><br>Caso Núm.: SJ2025CV06576<br><br>Sobre: Daños, Incumplimiento de Contrato |
| --- | --- | --- |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Pagán Ocasio y la Jueza Álvarez Esnard

*Lebrón Nieves, Juez Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 26 de enero de 2026.

El 8 de diciembre de 2025 compareció ante este Tribunal de Apelaciones, Dorado Property Management Inc. (en adelante, parte peticionaria o Dorado Property) por medio de recurso de *Certiorari*. Mediante este, nos solicita que revisemos la *Resolución Interlocutoria* emitida y notificada el 10 de noviembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Toa Alta. En virtud del aludido dictamen, el foro *a quo* declaró No Ha Lugar la solicitud de la parte peticionaria para que se dictara sentencia declaratoria y se concediera un interdicto posesorio.

Por los fundamentos que adelante se exponen, se *deniega* el recurso de *Certiorari*.

### I

Los eventos procesales del caso que dan lugar al recurso de epígrafe son los que en adelante se reseñan. El 21 de julio de 2025, la Cooperativa de Ahorro y Crédito de los Agentes de la Lotería de

Puerto Rico (en adelante, parte recurrida o Cooperativa) presentó una *Demanda* sobre traspaso de vehículo, cancelación de gravamen de litigio y daños y perjuicios por incumplimiento de contrato, en contra de la parte peticionaria y otros. Sostuvo que, el 16 de agosto de 2023, la señora Sonia N. Rivera Cardona (en adelante, señora Rivera Cardona) adquirió en el concesionario Flash Auto Imports un vehículo de motor usado marca Hyundai. Indicó que, el 31 de agosto de 2023, la señora Rivera Cardona suscribió un *Contrato de Ventas al por Menor a Plazos* (en adelante, Contrato) con la Cooperativa, con el propósito de financiar la compra del aludido vehículo de motor, por la cantidad de diecinueve mil doscientos setenta mil y cinco dólares ($19,275.00), con cargos por financiamiento de quince mil ciento ochenta y seis dólares con ochenta centavos ($15,186.80), e interés anual a razón de veintiuno punto noventa y nueve por ciento (21.99%). Asimismo, acotó que, el 1 de julio de 2024, la señora Rivera Cardona entregó el vehículo de motor de forma voluntaria, ya que el préstamo se encontraba moroso y que la suma total del balance adeudado es de $19,275.00. Adujo, además que, el vehículo se encontraba almacenado en un lote de vehículos en el Municipio de Toa Baja, y que ha estado imposibilitada de subastarlo dado a una situación con un gravamen. Sobre lo anterior, explicó que, no había logrado inscribir el gravamen a su favor en el Departamento de Transportación y Obras Públicas (DTOP), debido a que el vehículo poseía un gravamen de litigio inscrito, toda vez que Dorado Property y Flash Auto Imports no realizaron el traspaso correspondiente del vehículo, conforme al Art. 2.41 de la Ley Núm. 22-2000, Ley de Vehículos y Tránsito de Puerto Rico.

Por otro lado, la parte recurrida aseguró haber realizado múltiples gestiones para contactar al dueño registral del vehículo, entiéndase, Dorado Property, con el fin de lograr el traspaso del vehículo. Sin embargo, aseveró que, dichas gestiones fueron

infructuosas. De igual manera, alegó que debido a que las obligaciones que surgen del Contrato y de la Ley Núm. 22-2000, no habían sido satisfechas por las partes codemandadas, ha tenido que incurrir en gastos, molestias y daños y perjuicios por incumplimiento de contrato, que ascienden a una suma de $25,000.00. Finalmente, le solicitó al foro de primera instancia que ordenara: el traspaso del vehículo de motor, la eliminación del gravamen de litigio, la inscripción del gravamen a favor de la Cooperativa, el pago del balance total adeudado, los gastos, molestias y daños y perjuicios por incumplimiento de contrato, así como las costas, gastos y honorarios de abogados.

Posteriormente, Dorado Property presentó *Solicitud de Desestimaci[ó]n*. Por medio de esta, solicitó la desestimación de la *Demanda* al amparo de la Regla 10.2 de Procedimiento Civil. Alegó que, no existía una relación contractual u obligación con la Cooperativa ni con la señora Rivera Cardona y que, por ende, la parte recurrida no ostentaba causa de acción alguna en su contra. Por último, solicitó la imposición de honorarios por temeridad.

En respuesta, la parte recurrida presentó *Oposición a la Moción en Solicitud de Desestimación*. Sostuvo que, no procedía la desestimación de la *Demanda* en contra de Dorado Property por esta ser una parte indispensable en el pleito, al ser la dueña registral actual del vehículo y gozar de un gravamen de litigio a su favor ante el DTOP.

El foro de primera instancia emitió *Resolución Interlocutoria*, donde determinó que, conforme al derecho aplicable, no procedía la solicitud de desestimación. Razonó que, al realizar el ejercicio de tomar como cierta todas las alegaciones de la demanda, la parte recurrida sí tenía la posibilidad de establecer una causa de acción. Por tanto, declaró *No Ha Lugar* la *Solicitud de Desestimaci[ó]n*.

En desacuerdo, la parte peticionaria presentó *Reconsideraci[ó]n de Desestimaci[ó]n, Sentencia Declaratoria, Interdicto Posesorio*. Reiteró que, procedía la desestimación de la demanda en su contra, debido a que la causa de acción surgía de un contrato de financiamiento del cual no era parte. De igual manera, solicitó al foro de primera instancia que emitiera sentencia declaratoria a su favor, donde se determinara que Dorado Property no era parte del Contrato, por lo que, no podía surgir responsabilidad alguna respecto a la obligación personal de la señora Rivera Cardona. Asimismo, solicitó al foro *a quo* que emitiera un interdicto posesorio donde se ordenara la devolución del vehículo a Dorado Property.

Subsiguientemente, la primera instancia judicial declaró No Ha Lugar la reconsideración. Sin embargo, le concedió veinte (20) días a la parte recurrida para exponer su posición respecto a la solicitud de interdicto posesorio y la sentencia declaratoria.

Por otro lado, la Cooperativa presentó *Réplica a Moción de Reconsideración de Desestimación, Sentencia Declaratoria, Interdicto Posesorio*. La parte recurrida, en cuanto a la solicitud de sentencia declaratoria, arguyó que, Dorado Property no presentó argumentación alguna ni sustentó su reclamo conforme requiere la jurisprudencia. Igualmente, argumentó que, para que proceda una solicitud de sentencia declaratoria debía existir un peligro potencial contra quien lo solicite, por lo que requiere que su promovente demuestre que: (1) ha sufrido un daño claro y palpable, (2) el daño es real, inmediato y preciso, y no uno abstracto e hipotético, (3) existe conexión entre el daño sufrido y la causa de acción ejercitada y que, (4) la causa de acción surge bajo el palio de la Constitución o de una ley. Aseguró que, la parte peticionaria no cumplió con los requisitos antes esbozados para sostener su solicitud de sentencia declaratoria. En cuanto a la solicitud de interdicto posesorio, la

parte recurrida adujo que tampoco procedía, ya que el artículo del Código Civil citado por la parte peticionaria hacía alusión a recuperar la posesión de una propiedad inmueble, mas no mueble como lo es un vehículo de motor. De igual forma, agregó que, aún si se aplicara el interdicto posesorio a un bien mueble, la parte peticionaria no había cumplido con los requisitos necesarios para reclamar dicho remedio. Por lo anterior, le solicitó al foro recurrido que declarara No Ha Lugar el petitorio de Dorado Property.

El 10 de noviembre de 2025, el foro de primera instancia emitió la *Resolución Interlocutoria* cuya revisión nos ocupa, donde consignó lo siguiente:

> El Tribunal determina que no proceden las solicitudes de la parte demandada que se dicte sentencia declaratoria ni que se conceda un interdicto posesorio, por lo que se declara No Ha Lugar la solicitud de la parte demandada.

En desacuerdo, la parte recurrida presentó *Reconsieraci[ó]n, Deber de Fundamentar y Debido Proceso*. Mediante *Orden* emitida el 12 de noviembre de 2025, el Tribunal declaró No Ha Lugar dicho petitorio y expresó: "…, v[é]ase Beltrán Cintrón v. E.L.A., 204 D.P.R. 89, 109 (2020)[;] Senado [d]e P.R. v. Gobierno De P.R., 2019 TSPR 138, 203 D.P.R. 62 (2019)[;] Alcalde Guayama v. ELA, 192 D.P.R. 329, 333 (2015)".

Aún inconforme, la parte peticionaria acudió ante este foro revisor mediante recurso de *Certiorari* y esgrimió los siguientes señalamientos de error:

1. Erró el Tribunal al no aplicar los postulados de la regla de [P]rocedimiento [C]ivil de sentencia declaratoria e interdicto posesorio.

   Se invoca para la interpretación del contrato del día 31 de agosto de 2023, donde la codemandada Sonia N Rivera Cardona suscribió un Contrato de Ventas Al Por Menor A Plazos con la Cooperativa de Ahorro y Crédito de los Agentes de la Lotería de Puerto Rico[.]

2. Erró el tribunal al no querer dilucidar la falta de responsabilidad y la relación contractual o no

relación de uno de los codemandados en un contrato de ventas al por menor a plazos del 31 de agosto del 2023.

Dicha cuestión es umbral para que el caso continue adelante y/o será una controversia ineludible que resolver.

3. Erró el Tribunal al faltar al deber de fundamentar sus decisiones y resoluciones, expresando de manera sucinta y precisa los motivos de hecho y de derecho en que se basan.

Este principio garantiza que las decisiones judiciales sean motivadas, razonadas y transparentes. Es un principio básico legal fundamental para garantizar la revisión judicial y la validez del proceso.

Esto permite al Tribunal de Apelaciones revisar las sentencias y dictámenes del Tribunal de Primera Instancia para garantizar que se hayan aplicado correctamente las leyes y así poder ejercer su función revisora.

4. Erro el Tribunal al utilizar jurisprudencia no aplicable a la controversia de autos utilizando quizás herramientas tecnológicas sin verificar.

Específicamente al sumac 36 al determinar; "No ha lugar, Véase Beltrán Cintrón v. E.L.A., 204 D.P.R. 89, 109 (2020)[;] Senado De P.R. v. Gobierno De P.R., 2019 TSPR 138, 203 D.P.R. 62 (2019); Alcalde Guayama v. ELA, 192 D.P.R. 329, 333 (2015)[;] cuando esa jurisprudencia no es aplicable al caso. (sumac 36)

El 19 de diciembre de 2025, la parte recurrida presentó ante este foro revisor, *Alegato en Oposición a Expedición del Auto de Certiorari.*

Con el beneficio de la comparecencia de las partes, procedemos a disponer del recurso ante nuestra consideración.

**II**

**A. *El Certiorari***

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR

994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020)[1]. Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones[2], dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". (citas omitidas) *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372; *Torres González v. Zaragoza Meléndez*, supra, pág. 848. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[3]

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es

---

[1] Véase también, *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).
[2] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. __, 215 DPR __ (2025). https://dts.poderjudicial.pr/ts/2025/2025tspr42.pdf
[3] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 59, 215 DPR __ (2025).

determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a aplicarla.

**III**

La parte peticionaria nos solicita que, revisemos la *Resolución Interlocutoria* emitida y notificada el 10 de noviembre de 2025, por el Tribunal de Primera Instancia. En su dictamen, el foro *a quo*, declaró No Ha Lugar la solicitud de la parte peticionaria para que se

dictara sentencia declaratoria y se concediera un interdicto posesorio.

En su primer señalamiento de error, la parte peticionaria sostiene que, el foro de primera instancia incidió al no aplicar los postulados de la regla de Procedimiento Civil sobre sentencia declaratoria e interdicto posesorio.

Como segundo señalamiento de error, la parte peticionaria alega que, el Tribunal de Primera Instancia erró al no dilucidar la falta de responsabilidad y la relación contractual o no relación de uno de los codemandados en un contrato de ventas al por menor a plazos del 31 de agosto de 2023.

En el tercer señalamiento de error, Dorado Property aduce que, el foro recurrido se equivocó al faltar al deber de fundamentar sus decisiones y resoluciones, de expresar de manera sucinta y precisa los motivos de hechos y de derecho en que se basan.

Como último señalamiento de error, la parte peticionaria plantea que, la primera instancia judicial incidió al utilizar jurisprudencia no aplicable a la controversia de epígrafe, y al tal vez utilizar herramientas tecnológicas sin verificar.

Tras evaluar detenidamente el recurso de epígrafe y luego de una revisión, colegimos que, no procede la expedición del auto solicitado. Los señalamientos de error antes reseñados, por los fundamentos aducidos en la petición, no pueden activar nuestra jurisdicción discrecional de autos. La decisión recurrida no es manifiestamente errónea y encuentra cómo asilo en la sana discreción del Tribunal de Primera Instancia.

Por otro lado, la parte peticionaria tampoco ha logrado persuadirnos de que nuestra abstención apelativa en este momento y sobre el asunto planteado constituiría un rotundo fracaso de la justicia. Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

**IV**

Por los fundamentos que anteceden, se *deniega* el recurso de *Certiorari.*

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones