CENTRAL EUREKA, INC., demandante y apelante, *v.* JUAN G. GALLARDO, TESORERO DE PUERTO RICO, demandado y apelado.

No. 4900.—*Sometido:* Febrero 20, 1931. *Resuelto:* Julio 13, 1931.

*J. H. Brown, C. Ruiz Nazario* y *G. E. González,* abogados de la apelante; *Hon. Attorney General James R. Beverley* y *M. Rodríguez Serra, Segundo Subprocurador Auxiliar,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La corporación de esta Isla Central Eureka, Inc., apela de una sentencia que declara sin lugar su demanda en la que solicita que el Tesorero de Puerto Rico le devuelva cierta cantidad de dinero que le pagó bajo protesta como contribución por los años 1922 y 1923 impuesta a los intereses que satisfizo al Irving National Bank del Estado y ciudad de Nueva York por un préstamo que ese banco le hizo.

▊ La única cuestión en controversia entre las partes es si dicho banco tenía o no en esta isla en las fechas expresadas un punto de negocios, oficina o agente autorizado, pues si no lo tenía, la Central Eureka, Inc., estaba obligada por la ley a retener y pagar al Tesorero de Puerto Rico la contribución correspondiente a lo que pagó por intereses.

Los artículos pertinentes ahora de la Ley No. 43 de primero de julio de 1921 son así:

"Sec. 49.—La contribución impuesta por esta Ley, será retenida por todo individuo, corporación, asociación o sociedad, cualquiera que sea la capacidad en que actúen, incluyendo a todos los funcionarios y empleados de El Pueblo de Puerto Rico que paguen intereses, rentas, sueldos, anualidades, compensaciones y cualquier otro ingreso sujeto a tributación, (excepto dividendos, beneficios de sociedades), a cualquier ciudadano de los Estados Unidos no residente en Puerto Rico, o a cualquier extranjero no residente en Puerto Rico o a cualquier corporación, asociación o sociedad extranjera no dedicada a negocios en Puerto Rico y que no tenga punto de negocios, oficina o agente en Puerto Rico.

"Las cantidades así retenidas se pagarán al Tesorero de Puerto Rico en las fechas que éste designe en los reglamentos para la aplicación de la presente Ley.

 ❋    ❋    ❋    ❋    ❋    ❋    ❋

"Sec. 52.—En ningún caso la contribución será retenida cuando el ingreso de un extranjero no residente en Puerto Rico se pague a su representante en Puerto Rico, quien estará obligado a rendir declaración por el mismo y a retener y pagar la contribución que impone esta Ley."

La prueba demostró que durante los años 1922 y 1923 el Irving National Bank tenía una oficina en San Juan en los altos del Banco Comercial a cuyo frente estaba el Sr. Charles W. Fowler: que él usaba papel timbrado así: "Charles W. Fowler, representante en Puerto Rico, Irving National Bank, New York, teléfono 930, apartado 1416, calle Tetuán No. 3, San Juan, P. R.": que en las guías del teléfono de esos años aparecía así: "Irving National Bank, Ed. Banco Comercial, Tetuán 3, representante Charles W. Fowler, San Juan, 930": que Charles W. Fowler celebraba contratos de préstamos re-

faccionarios e imponía las condiciones de ellos a nombre del Irving National Bank: que firmaba contratos y documentos a nombre del Irving National Bank como agente o representante suyo: que Fowler intervino con los representantes de la demandante en el préstamo cuyos intereses han dado lugar a este pleito: que el préstamo dado a la Central Eureka por el Irving National Bank fué solicitado del Sr. Fowler, con quien se trataron las condiciones de él en San Juan: que los pagarés firmados por la central se entregaban al Sr. Fowler: que el dinero del Irving National Bank se entregaba por orden del Sr. Fowler: que recibía y custodiaba las garantías colaterales dadas por la Central Eureka: que Fowler solicitaba negocios para el expresado banco: que don Eugenio D. Delgado también actuó como agente de ese banco en esta Isla: que el Irving National Bank ratificó las actuaciones de Fowler y de Delgado trayendo dinero a Puerto Rico para los préstamos por ellos concedidos, y cumpliendo y aceptando las condiciones por ellos impuestas: que a Fowler se le entregaba dinero para dicho banco, a quien lo remitía: y que el Irving National Bank hacía negocios aquí por varios millones de dólares.

No hubo prueba de que el Irving National Bank registrase sus cláusulas de incorporación en la Secretaría Ejecutiva de esta Isla y de que designase el local donde tendría sus negocios, como requiere el artículo 37 de la Ley de Corporaciones Privadas de 1911 para las corporaciones y sociedades de fuera de esta isla antes de emprender negocios aquí. Por esto entendió la corte inferior que el Sr. Fowler no era un agente residente aquí del Irving National Bank sino un mero agente comercial intermediario, y declaró sin lugar la demanda.

Es cierto que no aparece de la prueba que el Irving National Bank cumpliera con el requisito exigido por la ley de corporaciones para las extranjeras que quieren hacer negocios en Puerto Rico pero esto no impide que si de hecho, aun-

que no de derecho, tenía en esta isla un punto de negocios, oficina o agente a quien se pagaron los intereses que ha devengado la contribución objeto de este pleito, cesara la obli-gación de la Central Eureka, Inc., que los pagó, de retener y pagar la expresada contribución.

Los hechos de este caso demuestran que los actos ejecutados por Mr. Charles W. Fowler fueron los de un agente en Puerto Rico del Irving National Bank con oficina y puesto de negocios en esta ciudad de San Juan. Casos parecidos al presente han sido resueltos en el sentido de la representación en un estado de corporaciones de otro estado. *Chattanooga National Bldg. & Loan Association* v. *Denson,* 189 U. S. 408; *International Textbook Co.* v. *Bigg,* 217 U. S. 91.

*La sentencia apelada debe ser revocada y dictarse otra en su lugar de acuerdo con la demanda.*