Durlach Brothers, Inc., demandante y apelada, *v.* Manuel V. Domenech, Tesorero de Puerto Rico, demandado y apelante.

No. 6323.—*Sometido:* Marzo 8, 1934. *Resuelto:* Noviembre 15, 1934.

655

*Hon. Procurador General Benjamin J. Horton (Charles E. Winter* en el alegato) y *M. Rodríguez Serra, Procurador General Auxiliar,* abogados del apelante; *J. Henri Brown, C. Ruiz Nazario, G. E. González* y *G. Benítez Gautier,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La demandante Durlach Brothers, Inc., presentó demanda de *injunction* contra Manuel V. Domenech, Tesorero de Puerto Rico, para impedir que éste tratara de embargar o de vender sumariamente bienes pertenecientes a la demandante. La teoría principal de la demanda, expresamente alegada, es que la demandante no es un contribuyente en lo que se refiere a los bienes sobre los cuales se trata de fijar una contribución. La apelada alegó y sostuvo, de conformidad con varias decisiones de las cortes, que los bienes que se trataban de hacer objeto de la contribución no tenían *situs* en Puerto Rico. La Corte de Distrito de San Juan expidió un auto preliminar de *injunction* y se interpuso el presente recurso de apelación contra el mismo.

Examinando los señalamientos de error se verá que éstos no se dirigen a los méritos de los hechos aducidos en la demanda, sino que se refieren a cuestiones de jurisdicción y procedimiento. Éstos leen así:

"1.—La corte erró al asumir jurisdicción para expedir el *injunction* preliminar y al dictar la resolución recurrida.

"2.—Erró la corte al considerar que el Tesorero de Puerto Rico actuó en el caso de autos no como un oficial público del Gobierno de Puerto Rico, sino fuera de su autoridad y bajo un supuesto derecho absolutamente infundado.

"3.—Al asumir que la demanda contiene hechos suficientes para determinar una causa de acción contra el demandado y para justificar la expedición de un auto de *injunction* preliminar o perpetuo.

"4.—Al dictar el auto preliminar de *injunction pendente lite* sin una petición específica de la demandante y fundada meramente en las alegaciones de la demanda, y sin basarla en hechos probados.

"5.—Al no estimar que el demandante tiene un remedio adecuado y expedito para contender la pretendida ilegalidad de las actuaciones del demandado.

"6.—Al no estimar que la acción iniciada en este caso es en realidad una acción contra El Pueblo de Puerto Rico, la parte realmente interesada, y que no ha prestado su consentimiento para ser demandado en este caso."

██ Para sostener el primer señalamiento de error al efecto de que la corte carecía de jurisdicción, el apelante cita la Ley No. 26, aprobada el 23 de abril de 1927 (Leyes de ese año, pág. 167) que prohibe la expedición de *injunctions* como sigue:

"1.— . . . . . . . . . .

"2.— . . . . . . . . . .

"3.—Para impedir el cumplimiento de un estatuto público por funcionarios de la ley en beneficio del público.

"4.— . . . . . . . . . .

"5.—Para impedir el ejercicio de un cargo público o privado por la persona que estuviere en posesión del mismo.

"6.— . . . . . . . . . .

"7.—Para impedir la imposición o cobro de cualquier contribución establecida por las leyes de Puerto Rico."

El apelante admite, como necesariamente tiene que hacerlo, que en ciertos casos extraordinarios a las cortes no se les prohibe expedir autos de *injunction* según se desprendería de lo siguiente: *Hill* v. *Wallace,* 259 U. S. 44. El determinar si el presente es o no un ejercicio de jurisdicción de tal natu-

raleza extraordinaria, nos lleva al segundo señalamiento de error.

■ El Tesorero de Puerto Rico no actúa como funcionario público si trata de cobrar de cualquiera persona una contribución que en manera alguna dicha persona adeuda. Esto resalta un poco más claramente al desprenderse de los autos que las contribuciones no son debidas por la peticionaria en este caso, sino por otra persona. Ninguna ley autoriza al Tesorero a entablar un litigio contra personas que no adeudan contribuciones.

■ El tercer señalamiento de error es en efecto una excepción previa a la demanda. Por lo menos así lo es en su forma. El demandado, sin embargo, negó ciertas alegaciones de la demanda.

En esta última se alegaba que la demandante era una corporación tabacalera con oficinas en Caguas y Nueva York; que durante el año 1924 tomó a préstamo del Irving Bank Columbia Trust Company, que es una corporación organizada de conformidad con las leyes del Estado de Nueva York, ciertas sumas de dinero y que durante dicho año la demandante pagó al referido banco intereses sobre dichos préstamos ascendentes a la suma de $4,422.73; que durante el año 1925 tomó a préstamo diversas sumas, al igual que lo hizo en 1926; que todos estos préstamos fueron hechos en la ciudad de Nueva York, estado de Nueva York, y que todo el dinero recibido por la demandante por concepto de tales préstamos fué entregado a ella en la ciudad de Nueva York y empleado por la demandante en la compraventa de tabaco en la Isla de Puerto Rico y en los Estados Unidos, pero que todos los intereses pagados por la demandante al Irving Bank Columbia Trust Company fueron pagados en Nueva York; que el Tesorero de Puerto Rico ha requerido de la demandante el pago de $132.68, $446.09 y $415.19 como contribuciones que la demandante debió haber retenido en Puerto Rico por los intereses pagados al Irving Bank Columbia Trust Company durante los años 1924, 1925 y 1926, de conformidad con las

disposiciones de la Ley de Contribuciones sobre Ingresos de 1921 a 1925; que estas contribuciones eran incobrables debido a los casos de *Central Eureka* v. *Gallardo,* 42 D.P.R. 639 y *Gallardo* v. *United Porto Rican Sugar Company,* 42 D.P.R. 646 y a este mismo caso publicado en 62 Fed. (2d) 552.

Ahora bien, en' la contestación se niega que estos préstamos fueran hechos en Nueva York, más se admite directa o indirectamente que el Irving Bank Columbia Trust Company tiene su domicilio en Nueva York y está incorporado bajo las leyes de ese estado. De esta aseveración surge la inferencia de que dicha compañía tiene su *situs* en el estado de Nueva York, en armonía con las decisiones que acabamos de citar.

Durante la vista del presente caso la apelada indicó que el caso y los hechos fueron sometidos a la Corte de Distrito de San Juan mediante estipulación y solicitó permiso para elevar la última a este tribunal, y nos reservamos la decisión. El Tesorero apelante asumió que tenía derecho a investigar en cada caso si el verdadero *situs,* o algo similar, de los bienes estaba en Nueva York o en Puerto Rico, mas de los hechos aducidos en la demanda se desprendía suficientemente que estos bienes muebles tenían su *situs* en el estado de Nueva York.

En verdad, toda la teoría de la acción interpuesta por el Tesorero fué que la demandante era agente del Irving Bank Columbia Trust Company. Bajo los hechos del caso es de por sí evidente, así' como de las citas que hemos hecho, que la demandante no tenía obligación de pagar estas contribuciones, y en adición podemos hacer las siguientes citas: *Livingston* v. *Becker,* 40 Fed. (2d) 673; *Long* v. *Rasmussen,* 281 Fed. 236; *In re Wyoming Valley Ice Co.,* 145 Fed. 267; *Owensboro Ditcher & Grader Co.* v. *Lucas,* 18 Fed. (2d) 798.

El cuarto señalamiento ha sido suficientemente cubierto por las anteriores consideraciones.

El quinto señalamiento de error alega que el deber de la demandante era pagar las contribuciones bajo protesta de conformidad con las leyes de Puerto Rico. Esta disposición

de la ley es aplicable únicamente a personas que están sujetas al pago de contribuciones según las leyes de Puerto Rico. Mas no a la demandante en este caso.

■ Consideraciones similares son aplicables al sexto señalamiento, relativo a que el presente litigio es uno que se dirige esencialmente contra El Pueblo de Puerto Rico. Cuando por virtud de su cargo un funcionario trata de realizar un acto como el presente, él no está procediendo en representación de El Pueblo de Puerto Rico. Para proteger al Tesorero como representante de El Pueblo de Puerto Rico, es necesario que él tenga mayor color de autoridad que el revelado en el caso que tenemos ante nos. *Livingston* v. *Becker,* supra; *Long* v. *Rasmussen,* supra; *Hubbard Investment Co.* v. *Brast,* 59 Fed. (2d) 709; *Kramer* v. *Central Victoria,* 38 D.P.R. 981. Naturalmente, en un caso corriente las contribuciones deben ser pagadas bajo protesta.

■ Haciendo un ligero resumen de los méritos: la demandante adujo un caso claro de que las contribuciones cuya devolución se trataba de obtener no eran pagaderas en forma alguna por la demandante Durlach Brothers.

Cuando los hechos son tan claros como en el presente caso, no es necesario que la demandante pruebe daños irreparables en adición a los alegados en la demanda. Daños irreparables serían la necesidad por parte de la demandante de pagar contribuciones que a lo sumo serían adeudadas por otra persona.

*La resolución apelada debe ser confirmada.*