CENTRAL COLOSO, INC., demandante y apelante, *v.* MANUEL V. DOMENECH, en su carácter de Tesorero de Puerto Rico, demandado y apelado.

No. 6450.—*Sometido:* Febrero 12, 1935. *Resuelto:* Abril 5, 1935.

M. *Acosta Velarde,* abogado de la apelante; *Hon. Procurador General Benjamin J. Horton* y *M. Rodríguez Serra, Procurador General Auxiliar,* abogados del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Se trata de un caso sobre devolución de contribuciones. La demandante Central Coloso, Inc. es una corporación organizada de acuerdo con las leyes de esta Isla, dedicada a la siembra y molienda de caña y a la fabricación de azúcar. Tomó a préstamo una fuerte cantidad al Irving Bank Columbia Trust Co., una institución bancaria con su oficina principal en la ciudad de Nueva York, pagándole en el año 1924 los intereses correspondientes. La escritura pública en la cual quedó formalizada definitivamente la operación, se otorgó en San Juan, P. R., representando al banco Charles W. Fowler. Investigado el caso por el Tesorero de Puerto Rico demandado, calculó la contribución sobre ingresos que correspondía a dichos intereses y la impuso y cobró en su origen requiriendo de pago a la demandante que, bajo protesta, hizo efectiva por tal concepto, en septiembre 30, 1930, la suma de $1,198.98, reclamando luego su devolución en este pleito. El fallo de la corte de distrito le fué adverso y apeló para ante esta Corte Suprema.

La apelante sostiene que es aplicable a su caso la jurisprudencia establecida por esta corte en el de *Central Eureka, Inc.* v. *Gallardo, Tesorero,* 42 D.P.R. 639 y que siéndolo debe

revocarse la sentencia recurrida. El apelado dice que se trata de una situación distinta porque en el caso de Central Eureka la corporación extranjera que hizo el préstamo tenía un agente en Puerto Rico a quien se pagaron los intereses y aquí si bien la corporación extranjera prestamista tenía un agente en Puerto Rico, no se pagaron los intereses al agente.

Tomada del resumen, la jurisprudencia establecida en el caso de *Central Eureka, Inc.* v. *Gallardo, Tesorero,* supra, es como sigue:

"Aún cuando una institución bancaria extranjera no cumpla con los requisitos estatutarios locales para hacer negocios en la Isla, si de hecho tiene aquí un punto de negocios, oficina o agente a quien se le pagan intereses, sobre préstamos aquí hechos, que vienen sujetos al pago de tributación, la persona que efectúa el pago de dichos intereses no viene obligada a retener y pagar al Tesorero Insular la contribución correspondiente a lo que pagó por tales intereses."

██ ██ Se admitió por el demandado la existencia del agente en Puerto Rico, pero se sostuvo que no fué a él a quien se pagaron los intereses. Hemos analizado la prueba y creemos que demuestra que el pago de hecho se hizo al agente en Puerto Rico. Nos limitaremos a transcribir parte de la declaración del Sr. Comas, Tesorero Auxiliar de la Central, que cita la propia apelada, y a referirnos a la jurisprudencia que invoca.

Dice la declaración:

"P.—¿El proceso de cobro del importe del azúcar cómo era?— R.—Se vendían los azúcares, se daba orden de venta del azúcar al agente en el Norte y realizaba la venta, y hecho el embarque, *se entregaba el conocimiento* a Mr. Fowler, representante del Irving Bank, quien lo enviaba al Norte a su oficina principal. Allí el Banco cobraba la refacción del comprador del azúcar y lo abonaba en cuenta cancelando la obligación o arrastrando el remanente o enviándolo.— P.—¿Pero cobraba allí los intereses, en esa operación, los intereses que le debían?—R.—Ya estaban descontados desde entonces.— . . .— P.—¿En realidad no había pago material de dinero, sino una operación de resta?—R.—Sí, señor, de resta.—P.—¿Algo así abstracto? —R.—Sí, señor.—P.—¿Pero que en realidad el reintegro del dinero era por medio del azúcar?—R.—Sí, señor.—P.—¿Era un pago en es-

pecie de la obligación?—R.—Sí, señor.—P.—¿De la obligación cualquiera que fuese?—R.—Sí, señor.— . . .—P.—¿El detalle de la operación, el conocimiento de embarque lo expedían en Puerto Rico a favor de quién?—R.—Del Irving Bank.—P.—¿Y el Banco era la única persona que podía cobrar el importe del azúcar?—R.—Sí, señor, el Banco era la única persona.—.P—¿En realidad, la persona que únicamente podía disponer del azúcar, en New York, era el banco, en último extremo?—R.—Sí, señor.—P.—¿Esos conocimientos se entregaban en Puerto Rico al representante del Banco?—R.—Sí señor.—P.—¿Pero Uds. no hacían pago ninguno al representante en Puerto Rico del Banco?—R.—No, señor.''

Y la jurisprudencia invocada es como sigue:

''A bill of lading is a symbol representing the goods, and delivery of the bill is a delivery of the goods.'' Baker v. Central Grocery Co., 83 S. E. 504, 505, 15 Ga. App. 377.

Citándose además para sostener igual principio los casos de *Frontier Nat. Bank of Eastport, Me.* v. *Salinger,* 126 N.E. 40, 41, 72 Ind. App. 479; *Kansas City Southern Ry. C.* v. *Mabry,* 165 S.W. 279, 281; 112 Ark. 134, y *Huffman* v. *Henry Motor Co.,* 153 N.W. 566, 98 Neb. 517, y los artículos 697 y 690 del Código de Comercio, Ed. 1932, que dicen:

''Art. 697. Los conocimientos producirán acción sumarísima o de apremio, según los casos, para la entrega del cargamento y el pago de los fletes y gastos que hayan producido.''

''Art. 690. Los conocimientos al portador destinados al consignatario serán transferibles por la entrega material del documento; y en virtud de endoso los extendidos a la orden.

''En ambos casos, aquél a quien se transfiera el conocimiento adquirirá sobre las mercaderías expresadas en él todos los derechos y acciones del cedente o endosante.''

Siendo ello así, la entrega de los conocimientos hecha al agente en Puerto Rico equivalía al pago de los intereses y la situación es en realidad la misma que la del caso de la Eureka. Quizá sea conveniente agregar que en ambos casos se trata de la misma corporación prestamista, el Irving Bank, actuando por el mismo agente, el Sr. Fowler.

*Debe revocarse la sentencia apelada y dictarse otra declarando la demanda con lugar, sin especial condenación de costas.*

El Juez Asociado Sr. Wolf está conforme con el resultado.